1

2

3

4

5

6

7

*FILED*

*10 APR 12 AM 8:47*

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: *MTB*

DEPUTY

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11   NORTH COUNTY COMMUNICATIONS CORPORATION,

12

Plaintiff,

13          vs.

14   SPRINT COMMUNICATIONS COMPANY, L.P.,

15

16

Defendant.

CASE NO. 09-cv-02685 BEN (WMc)

ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(e)

17        Currently before the Court is a Motion for More Definite Statement Under Federal Rule of

18   Civil Procedure 12(e) ("Motion") filed by Defendant in the above-captioned case. Plaintiff filed an

19   opposition, and Defendant filed a reply. The Court finds the Motion appropriate for determination on

20   the papers without oral argument, pursuant to Local Civil Rule 7.1.d. For the reasons set forth below,

21   the Motion is **DENIED**.

22                                **DISCUSSION**

23        This action arises from Defendant's alleged failure to pay terminating access charges to

24   Plaintiff. The operative complaint is the First Amended Complaint filed on December 15, 2009.

25   (Docket No. 3.) On February 16, 2010, Defendant filed the Motion currently before this Court.

26   (Docket No. 13.) The Motion is limited to Count One of Plaintiff's First Amended Complaint. (Mot.

27   [Docket No. 13], pg. 1.)

28        Count One of the First Amended Complaint is titled "Breach of Contract and Breach of Implied

09cv02685

1  Covenant of Good Faith and Fair Dealing" and alleges that terminating access charges are owed to

2  Plaintiff pursuant to the parties' "Service Agreement, in conjunction with [Plaintiff's] state tariffs."

3  (First Am. Compl., ¶ 27.)   Plaintiff also alleges,

4          Under the Service Agreement, tariffs and Exhibit A, Defendant was
        required to make certain performances including, but not limited to,
5        making payments to NCC for the use of NCC's intrastate and
        interstate interexchange access services.

6

7  (First Am. Compl., ¶ 30.)

8          In the Motion, Defendant argues it is unclear whether Count One is solely a contract claim,

9  solely a tariff claim, or some combination thereof.  (P. & A. [Docket No. 13-1], pg.1 .)  Defendant

10  also queries whether, under Count One, Plaintiff seeks to recover under a federal tariff.  *Id.*

11  Plaintiff opposes the Motion on the grounds that Count One is sufficiently definite for Defendant

12  to understand the basis of the claim being asserted against it.  The Court agrees.

13          Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more

14  definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

15  ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  However,

16  "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small...

17  the pleading must be sufficiently intelligible for the court to be able to make out one or more

18  potentially viable legal theories on which the claimant might proceed; in other words, the pleading

19  must be sufficient to survive a Rule 12(b)(6) motion to dismiss."  5C Charles Alan Wright &

20  Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2010).  A motion for more definite

21  statement is used to provide a remedy for an unintelligible pleading rather than a correction for

22  lack of detail.  *See Comm. for Immigrant Rights of Sonoma County v. County of Sonoma,* 644 F.

23  Supp. 2d 1177, 1191 (N.D. Cal. 2009).

24          As currently pled, Count One clearly states a claim for relief based on the contract

25  identified therein and/or the tariffs.  The claim is not so unintelligible that Defendant cannot make

26  out a response, and Plaintiff need not plead more specific facts to satisfy its Rule 8 pleading

27  obligation.  Rule 12(e) was not intended as a substitute for discovery.  *Id.*  The Court, therefore,

28  finds that Count One is sufficiently pled.

1

## CONCLUSION

2      For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion for More

3  Definite Statement under Federal Rule of Civil Procedure 12(e).

4  **IT IS SO ORDERED**.

5  Date: April 8, 2010

6                                 Hon. Roger T. Benitez
                                 United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv02685