2010 SEP 21 PM 4: 13

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COUNTY COMMUNICATIONS CORPORATION,<br><br>                            Plaintiff,<br>vs.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P.,<br><br>                            Defendant. | CASE NO. 09-cv-02685 BEN (WMc)<br><br>ORDER DENYING NORTH COUNTY COMMUNICATIONS CORPORATION'S MOTION TO DISMISS COUNTERCLAIM AND FOR MORE DEFINITE STATEMENT<br><br>[Docket No. 21] |
| SPRINT COMMUNICATIONS COMPANY, L.P.,<br><br>                            Counter-Claimant,<br>vs.<br><br>NORTH COUNTY COMMUNICATIONS CORPORATION,<br><br>                            Counter-Defendant. | |

     Currently before the Court is a Motion to Dismiss Counterclaim and for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(1) and 12(e), filed by Plaintiff North County Communications Corporation ("NCC"). For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

The underlying action arises from Sprint's alleged failure to pay terminating access charges to NCC. The operative complaint is the First Amended Complaint filed on December 15, 2009. (Docket No. 3.) In the First Amended Complaint, NCC alleges, among other things, breach of contract, breach of implied contract, unjust enrichment and unfair competition. *Id.*

On April 26, 2010, Sprint filed its Answer and Counterclaim. (Docket No. 19.) The Counterclaim alleges NCC lacks a valid tariff rate for interstate switched access service; NCC unlawfully charged for calls to Call Connection Companies and engaged in traffic pumping; NCC does not provide service in West Virginia and, therefore, improperly billed for service in West Virginia; and NCC overcharged for calls in the Leaf River Area. Based thereon, the Counterclaim asserts seven causes of action: (I) Unlawful Imposition of Charges for Untariffed Interstate Services under 47 U.S.C. §§ 203, 206 and 207; (II) Unfair and Unreasonable Rates under 47 U.S.C. §§ 201(b), 206 and 207; (III) Unfair and Unreasonable Rates under 47 U.S.C. §§ 201(b), 206 and 207; (IV) Breach of State Tariff Obligations; (V) Unjust Enrichment; (VI) Alternative Breach of Contract; and (VII) Declaratory Relief.

On May 17, 2010, NCC filed the Motion currently before the Court. The Motion pertains to Sprint's Counterclaim and seeks (1) an order dismissing Counts I-III; (2) an order dismissing Counts IV-V, or requiring a more definite statement; and (3) an order requiring a more definite statement as to Count VI. (Mot., 2.) Sprint filed an opposition, and NCC filed a reply.

The Court finds the Motion appropriate for determination on the papers without oral argument, pursuant to Local Civil Rule 7.1.d.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## (FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6))[1]

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

---

[1] Although the caption of the Motion indicates that dismissal is also sought under Rule 12(b)(1), the moving papers do not address Rule 12(b)(1). Therefore, the Court only discusses 12(b)(6) herein.

## I. STATUTE OF LIMITATIONS

NCC argues all claims for damages before November 30, 2007 must be dismissed as being barred by the two-year statute of limitations recognized by this Court in a similar action, *North County Communications Corporation v. Verizon Global Networks, Inc.*, Case No. 08-cv-1518 (the "Verizon Action"). As Sprint points out, however, unlike the Verizon Action, the present action is premised on breach of contract claims. Although the Service Agreement incorporates by reference certain tariffs, the essence of the claims and counterclaims is breach of contract. (P. & A., 2.) NCC does not cite legal or other authority showing that the two-year statute of limitations still applies in this case. Under California law, the statute of limitations for breach of contract is four years. Cal. Civ. Proc. Code § 337. To the extent other states' laws may apply, the Court notes that the statute of limitations for breach of contract claims thereunder likewise exceeds two years. *See, e.g.*, Ariz. Rev. Stat. § 12-548 (six years in Arizona); 735 Ill. Comp. Stat. 5/13-206 (ten years in Illinois); Or. Rev. Stat. § 12.080 (six years in Oregon). Accordingly, the Court finds that, at this stage of the case, NCC's damages before November 30, 2007 are not barred by the statute of limitations.

NCC further argues all claims relating to Leaf River, Illinois must be dismissed. NCC fails to cite legal or other authority supporting this argument. To the extent NCC contends insufficient allegations, the Court notes Sprint's Counterclaim includes allegations that, among other things, NCC lacks a valid tariff rate for the Leaf River area after June 20, 2004 and, since at least January 2006, NCC has improperly billed Sprint for services in that area. (Countercl., ¶¶ 3, 4, 26-30.) These allegations are sufficient to put NCC on notice of Sprint's claim and NCC fails to show that discovery would be fruitless. *Bell Atl.*, 550 U.S. at 556-57. Accordingly, NCC's motion to dismiss all claims relating to the Leaf River area is denied.

## II. COUNT I: Unlawful Imposition of Charges for Untariffed Interstate Services in Violation of 47 U.S.C. §§ 203, 206 and 207

Under Count I, Sprint alleges, among other things, NCC imposed or attempted to impose charges for services outside the terms of its federal tariff and the parties' Service Agreement. (Countercl., ¶ 38.)

Section 203 provides that every carrier must file and keep available for public inspection

"schedules showing all charges." 47 U.S.C. § 203(a). Section 203 further provides, "no carrier shall. . . charge, demand, collect, or receive a greater or less or different compensation. . ." than that listed in its schedules or "enforce any classifications, regulations, or practices affecting such charges, except as specified in such schedule." 47 U.S.C. § 203(c). In sum, Section 203 prohibits a local exchange carrier such as NCC from charging for untariffed services or from charging excessive rates.

NCC argues Sprint cannot state a claim under Section 203 because the parties' relationship is controlled by the Service Agreement, not NCC's federal tariffs. Even if true, however, the Service Agreement incorporates by reference NCC's federal tariffs. Specifically, the Service Agreement references the Seventh Report and Order and Further Notice of Proposed Rulemaking released by the FCC on April 27, 2001 in Access Charge Reform, Docket No. 96-262, which in turn serves as the basis for NCC's federal tariffs. (Lesser Decl., Ex. B at Schedule A, ¶ 1.) Therefore, enforcement of the Service Agreement as it pertains to NCC's interstate services necessarily requires reference to NCC's federal tariffs, and NCC's argument that Sprint cannot state a claim for relief based thereon lacks merit. *Id.*

In light of the above, NCC's motion to dismiss Count I is denied.

### III. COUNT II: Unfair and Unreasonable Rates in Violation of 47 U.S.C. §§ 201(b), 206 and 207

Sprint alleges NCC imposed unfair and unreasonable rates, in violation of 47 U.S.C. § 201(b). Section 201(b) provides,

> All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust and unreasonable is declared to be unlawful.

47 U.S.C. § 201(b).

To support its claim, Sprint relies on the same allegations set forth above for Count I. Therefore, for the same reasons set forth above regarding Sprint's claim for unlawful charges outside the terms of its contract and applicable federal tariff, here too, the Court finds that Count II is legally sufficient to survive dismissal at this stage. To the extent Count II is also based on alleged improper West Virginia charges, that argument is moot. *Bell Atl.*, 550 U.S. at 555-57 (for a cause of action to

survive a motion to dismiss, only one basis needs to state a cognizable legal theory upon which relief may be granted).

Accordingly, the Court denies the Motion as to Count II.

### IV. COUNT III: Unfair and Unreasonable Practices in Violation of 47 U.S.C. §§ 201(b), 206 and 207

Sprint alleges a second violation of Section 201(b) based on NCC's purported traffic-pumping arrangements. (Countercl., ¶ 47.) Sprint alleges that service to Call Connection Companies does not constitute switched access service because the traffic does not terminate with the Call Connection Company, but rather flows through and terminates elsewhere. As such, Sprint alleges switched access charges for this service are unlawful.

NCC argues this claim must be dismissed because the parties' relationship is controlled by the Service Agreement and nothing in the Service Agreement prohibits charges for service to Call Connection Companies. (P. & A., 5.) Sprint responds by citing an order entered in the Verizon Action, in which the Court held that, under the circumstances of that case, this issue was fact-driven and could not be disposed of under Rule 12(b)(6).

Unlike the Verizon Action, however, this case involves a contract between the parties that expressly outlines the parties' relationship. As noted by NCC, the contract defines switched access services for purposes of that contract. Switched access service is defined as including a service that provides a connection between the point of call and "a third-party tandem switch or a direct trunk installed between North County's and SPRINT's switching centers (regardless of the party providing the trunk)." Neither party sufficiently analyzes "traffic pumping" in light of this definition or cites applicable authority. It is also unclear from the record whether "traffic pumping" fits within the definition. The Court further notes that additional discovery may be needed to interpret "traffic pumping services in light of the Service Agreement. Accordingly, the Court finds that dismissal of Count III is not proper at this time. Similar to the above, to the extent Count III is also based on alleged improper West Virginia charges, that argument is moot. *Bell Atl.*, 550 U.S. at 555-57.

Accordingly, the Court denies the Motion as to Count III.

### V. COUNT IV: Breach of State Tariff Obligations, and COUNT V: Unjust Enrichment

Under Count IV, Sprint alleges, among other things, NCC imposed or attempted to impose charges for intrastate communication services that were not provided pursuant to the terms of NCC's state tariffs. (Countercl., ¶ 51.) Under Count V, Sprint alleges NCC was unjustly enriched by receiving switched access fees for switched access service it did not provide. (Countercl., ¶ 55.) To support these claims, Sprint incorporates by reference its prior allegations, including allegations for improper "traffic pumping" charges, as well as allegations for improper West Virginia charges. *Id.*, ¶¶ 4-11, 50-53 and 54-58. For a cause of action to survive a motion to dismiss, only one of these bases must state a cognizable legal theory upon which relief may be granted. *Bell Atl.*, 550 U.S. at 555-57. Because the Court finds that Sprint's claim of improper traffic pumping states a claim upon which relief may be granted, as detailed above, the Court **DENIES** the request for dismissal of Counts IV and V. NCC's argument that these counts cannot be based on improper West Virginia charges is, therefore, moot. NCC's request for a more definite statement is discussed below.

### MOTION FOR MORE DEFINITE STATEMENT
### (FEDERAL RULE OF CIVIL PROCEDURE 12(e))

NCC moves for an order requiring a more definite statement of Counts IV, V and VI. (Mot., 2.) Motions for a more definite statement are governed by Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be expected to frame a response, the party may move for a more definite statement. Fed. R. Civ. P. 12(e). A Rule 12(e) motion must attack the unintelligibility of a pleading, not merely the lack of detail. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Thus, a Rule 12(e) motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *Id.*

<u>Count IV</u>. Count IV alleges breach of state tariff obligations. NCC argues this count should be stricken because Sprint fails to state what "state tariff obligations" were breached. (P. & A., 6.) Count IV incorporates by reference Sprint's prior allegations, including allegations that NCC improperly charged for traffic pumping in violation of NCC's state tariffs. (Countercl., ¶¶ 4, 31, 50-

53.) Sprint's allegations regarding traffic pumping and call to Call Connection Companies include details regarding the alleged arrangements and why such arrangements are not classified as switched access service. *Id.*, ¶¶ 4-11. The Court finds that these allegations are not so vague or ambiguous that NCC cannot respond. Accordingly, NCC's request for a more definite statement is denied.

<u>Count V</u>. Count V alleges unjust enrichment. Although NCC moves for a more definite statement of this count, the Memorandum of Points and Authorities supporting the Motion does not address this issue. Specifically, NCC does not explain how Count V is vague or ambiguous or why this claim requires a more definite statement. Accordingly, NCC's request for a more definite statement is denied.

<u>Count VI</u>. Count VI alleges an alternative breach of contract claim. Specifically, Sprint alleges that, in the alternative to its claims for breach of federal and state tariffs, NCC breached the Service Agreement by engaging in the actions described above. NCC argues this count should be stricken because it fails to state the terms of the Service Agreement, how the charges were unauthorized thereunder, and the amount of the unauthorized charges. (P. & A., 7.) The Court notes that, unlike in Verizon Action, this case does not involve a situation where the contracting parties are not known or where the parties are not on notice of the contract serving the basis of the claim. NCC is clearly on notice of the Service Agreement, as the Service Agreement provides the basis of its own claims against Sprint in the underlying complaint. Accordingly, NCC's request for a more definite statement is denied.

NCC's motion for a more definite statement of Counts IV, V and V is denied.

## CONCLUSION

In light of the above, the Court **DENIES** Plaintiff's Motion to Dismiss Counterclaim and for More Definite Statement (Docket No. 21).

**IT IS SO ORDERED.**

Date: September 21, 2010

Hon. Roger T. Benitez
United States District Court Judge