UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| North County Communications Corporation, a California corporation,<br><br>            Plaintiff,<br>v.<br><br>Sprint Communications Company L.P.,<br><br>            Defendant. | Case No.: 09cv2685 AJB (WMc)<br><br>Order Denying Application for Writ of Attachment<br><br>[Doc. No. 38] |

Pursuant to Rule 64 of the FRCP and section 483.010 of the California Code of Civil Procedure, Plaintiff NORTH COUNTY COMMUNICATIONS CORPORATION (hereinafter "NCC" or "Plaintiff") has filed an Application for a Writ of Attachment and Right to Attach Order [Doc. No. 38] against Defendant SPRINT COMMUNICATIONS COMPANY, L.P., ("Defendant") to collect an outstanding account balance of $4,693,980.08 (total interstate and intrastate access charges as of January 2011, excluding any applicable late fees, interest charges, and attorneys. fees). The Defendant has filed an opposition requesting the Court deny Plaintiff's request for attachment on the grounds that the Plaintiff has failed to meet the statutory requirements.[1]  Based upon the parties moving papers and for the reasons set forth below, Plaintiff's Application for a Writ of Attachment and Right to Attach Order is hereby DENIED.

---

[1] Defendants' evidentiary objections, [Doc. No. 42-1], are noted for the record and Defendants' request for judicial notice, [Doc. No. 42-4] is DENIED.

### *Background*

The Plaintiff, NCC, filed a First Amended Complaint ("FAC") on December 15, 2009, [Doc. No. 3], in which NCC alleges breach of contract, breach of implied contract, unjust enrichment and unfair competition. On April 26, 2010, Defendant, Sprint, filed its Answer and Counterclaim, [Doc. No. 19], which alleges unfair imposition of charges under 47 U.S.C. §§ 203, 206 and 207; unfair and unreasonable rates under 47 U.S.C. §§ 201(b), 206 and 207; breach of State Tariff Obligations; unjust enrichment; alternative breach of contract; and declaratory relief.

This breach of contract case presents a dispute over whether Sprint was obligated to pay NCC "access charges" for calls delivered from Sprint's IXC network to NCC's network for delivery to called parties. NCC claims such charges are due pursuant to a Service Agreement [Doc. No. 38-5]. The Plaintiff, NCC, is a competitive local exchange carrier ("CLEC") that provides telecommunications services in areas that include Arizona, California, Illinois, and Oregon. [Doc. No. 3, ¶ 9.] The Defendant, Sprint, is, among other things, a long distance carrier or interexchange carrier ("IXC") that delivers interstate and intrastate long distance calls to NCC.

### *Legal Standard*

**I. Standard for Issuance of Right to Attach Order and Writ of Attachment**

California's attachment law sets forth the following requirements:

> (a) Except as otherwise provided by statute, attachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees.
>
> (b) An attachment may not be issued on a claim which is secured by any interest in real property arising from agreement, statute, or other rule of law (including any mortgage or deed of trust of realty and any statutory, common law, or equitable lien on real property, but excluding any security interest in fixtures subject to Division 9 (commencing with Section 9101) of the Commercial Code). . . .
>
> (c) If the action is against a defendant who is a natural person, an attachment may be issued only on a claim which arises out of the conduct by the defendant of a trade, business, or profession. An attachment may not be issued on a claim against a defendant who is a natural person if the claim is based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where the property sold or leased, or licensed for use, the services furnished, or the money loaned was used by the defendant primarily for personal, family, or household purposes.

>   (d) An attachment may be issued pursuant to this section whether or not other forms of relief are demanded.

Cal.Code Civ. Proc. § 483.010. A plaintiff applying for writ of attachment must file a supporting affidavit showing that "[t]he plaintiff on the facts presented would be entitled to a judgment on the claim upon which the application is based" and "that the property sought to be attached is not exempt from attachment." *Id.*, § 485.210(c)(1), (3).

Under California law, the court must make the following findings as a predicate for issuing a right to attach order:

>   (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
>   (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
>
>   (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
>
>   (4) The amount to be secured by the attachment is greater than zero.

Cal.Code Civ. Proc. § 484.090(a). The probable validity requirement is satisfied "where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." *Id.*, § 481.190.

The same statute provides that "[i]f, in addition to the findings required by subdivision (a), the court finds that the defendant has failed to prove that all the property sought to be attached is exempt from attachment, it shall order a writ of attachment to be issued upon the filing of an undertaking as provided by Sections 489.210 and 489.220." *Id.*, § 484.090(b). The presumptive amount of the undertaking under the statute is $10,000. *Id.*, § § 489.210, 489.220. The court has discretion to increase the amount of the undertaking, however, on a showing that the probable recovery for a wrongful attachment would be greater than $10,000. *Id.*, § 489.220.

### *Discussion*

The Plaintiff seeks a Writ of Attachment and Right to Attach Order against Defendant to attach the following property:

>   (1) Interests in real property, except leasehold estates with unexpired terms of less than one year;
>
>   (2) Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the defendant of a trade, business, or profession, except

    any such individual claim with a principal balance of less than one hundred fifty dollars ($150);

    (3) Money on the premises where a trade, business, or profession is conducted by the Defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts, but, if the Defendant has more than one deposit account or has at least one deposit account and money located elsewhere than on the premises where a trade, business, or profession is conducted by the defendant, the court, upon application of the Plaintiff, may order that the Writ of Attachment be levied so that an aggregate amount of one thousand dollars ($1,000) in the form of such money and in such accounts remains free of levy;

    (4) Negotiable documents of title;

    (5) Instruments; and

    (6) Securities.

  The Plaintiff argues that they are entitled to issuance of a Writ of Attachment because: (1) the application is based on a claim upon which attachment may issue (i.e., a commercial contract for readily ascertainable amount greater than $500); (2) Plaintiff has established the probable validity of such claim; (3) the attachment is sought solely for recovery upon the claim upon which the attachment is based; (4) the property sought to be attached belongs to a corporation and is therefore not exempt from attachment; (5) the amount to be secured by attachment is greater than zero; and (6) Plaintiff will provide an undertaking in an amount approved by the Court.

  Alternatively, the Defendant argues that the Plaintiff has failed to meet the statutory requirements for an attachment because Plaintiff: 1) is in breach of the contract it seeks to enforce; 2) is pursuing damages it has not pled;[2] and 3) completely ignores Defendant's entitlement to damages based on Plaintiff's unlawful conduct.[3]

  Based upon the record, the Court finds that Plaintiff has failed to "establish the probable validity of the claim upon which the attachment is based" under CCP § 484.090 and has failed to state its application with sufficient particularity. *See* CCP §§ 484.020(e), 484.030 (an application for a right to

---

[2] Defendant argues that amounts billed before February 2008 and amounts billed after June 2010 fall outside the scope of Plaintiff's demand in the Amended Complaint.

[3] CCP §§ 483.015(b)(2)-(b)(3) requires that the amount Plaintiff seeks to attach be reduced by the minimum amount sought by Defendant's counterclaim. *See* CCP §§ 483.015(b)(2)-(b)(3) and 484.090(a)(4).

1  attach order shall be supported by an affidavit showing that the plaintiff on the facts presented would be
2  entitled to a judgment on the claim upon which the attachment is based).  Because Plaintiff's right to
3  attach should be offset by the Defendant's counterclaim and because the 4.6 million sought by Plaintiff
4  includes claims for time periods that are beyond the scope of the Amended Complaint, the Court Finds
5  that the Plaintiff has not established that it is entitled to the amount sought.  Based upon the foregoing,
6  Plaintiff's Application is hereby DENIED.

7      IT IS SO ORDERED.

9  DATED:  May 11, 2011

         _____
10       Hon. Anthony J. Battaglia
11       U.S. District Judge